# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| MARK THOMAS WRIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:18cv00079-SWW-JJV |
| | * | |
| TURNKEY HEALTH SERVICES; | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Mark Thomas Wright ("Plaintiff") is incarcerated at the Saline County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he has not received appropriate medical treatment for a skin disease. (*Id*. at 4-7.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff names as Defendants Turnkey Health Services, which presumably oversees the provision of medical care to detainees at the Saline County Detention Facility, and three nurses (two of whom are identified by first names only). A corporation acting under color of state law, like Defendant Turnkey Health Services, "will only be held liable under § 1983 for its own unconstitutional policies" and will not be held liable under § 1983 on a *respondeat superior* theory. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Here, Plaintiff has not alleged that Defendant Turnkey Health Services has a policy or custom that led to a violation of his constitutional rights. In fact, he makes no allegations against this Defendant at all. And assuming this Defendant employs the medical staff about whom Plaintiff complains, this does not make Defendant Turnkey Health Services liable under § 1983. *See id.*

According to his Complaint, Plaintiff is suing Defendants in their official capacities only. (Doc. No. 2 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165

(1985) (quoting *Monell*, 436 U.S. at 690, n.55).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id*. at 166.  Thus, Plaintiff's official capacity claims against Defendants Tonya Parson and Jane Does are to be treated as claims against Saline County.  Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Saline County that caused or contributed to his alleged injuries.  Accordingly, his official capacity claims should be dismissed.  I note the United States Court of Appeals for the Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."  *Johnson*, 172 F.3d at 535.  Plaintiff's failure to expressly and unambiguously state his intent to sue Defendants in their individual capacities means I must construe his Complaint as being against Defendants in their official capacities only.  *See id*.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

4

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 6th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."